ORIGINAL

LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

GEORGE W. BRANDT
gbrandt@lbchlaw.com
JEFFREY A. GRISWOLD
jgriswold@lbchlaw.com
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7030
Facsimile: (808) 533-3011

Attorneys for Plaintiff
UNITED STATES OF AMERICA
ex rel Pacific Shipyards International, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 5 2014

at 2 o'clock and 45 min ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel Pacific Shipyards<br>International, LLC,<br><br>   Plaintiff,<br><br>   vs.<br><br>L & S ENTERPRISES MARINE<br>CONSULTANTS, INC.,<br><br>   Defendant. | CIVIL NO. CV14 00147 JMS RLP<br><br>COMPLAINT; SUMMONS |

14346 COMPLAINT 01 PGB

## COMPLAINT

This action is brought by Pacific Shipyards International, LLC, by and through its attorneys, Lyons, Brandt, Cook & Hiramatsu, as Relator on behalf of the United States of America, pursuant to the False Claims Act, 31 U.S.C. § 3730b. Relator alleges and avers as follows:

### PARTIES

1. The United States of America (hereinafter "United States") is the plaintiff in this action.

2. Relator, Pacific Shipyards International, LLC ("PSI") is a limited liability company formed under the laws of the State of Hawaii with its principal place of business in Honolulu, Hawaii.

3. L & S Enterprises Marine Consultants, Inc. (hereinafter "L & S") is a Hawaii corporation with its principal place of business in Honolulu, Harbor.

### JURISDICTION AND VENUE

4. This is a civil action brought under the qui tam provisions of the False Claims Act, 31 U.S.C. §§ 3730, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, 31 U.S.C. §§ 3730 and 3732.

5. This Court has personal jurisdiction over the defendant pursuant to 31 U.S.C. § 3732a, which authorizes nationwide service of process. L & S can be found and transacts business in the State of Hawaii.

6. Venue is proper in the District of Hawaii pursuant to 31 U.S.C. § 3732a, in that L & S is a Hawaii Corporation with its principal place of business within the District of Hawaii.

## BACKGROUND

7. On or about August 21, 2013, the United States Coast Guard published a Request for Quotation ("RFQ"), HSCG85-13-R-P45005 under the IDIQ multiple award contract for Dockside Repairs to USCGC Walnut at its home berth in Honolulu, Harbor ("Walnut Job").

8. Under the solicitation, work on the Walnut was a Total Small Business Aside, 15 USC 644.

9. As a Total Small Business Aside, under FAR 52.219-14, Limitation of Subcontracting, the work on the Walnut required completion of fifty percent (50%) of the cost of the contract performance incurred for personnel shall be by employees of the successful offer.

10. L & S's proposal stated it would comply with all requests of the solicitation and contract.

11. At the time of the solicitation and bid, L & S had a skeletal workforce and it was estimated that work for this solicitation would require 10,000 man hours of work.

12. PSI protested the award to L & S because L & S did not have a work force that would permit it to complete fifty percent (50%) or more of the work. L & S gave independent assurances to the contracting officer that it would comply with the contract.

13. L & S was awarded the contract Solicitation No. HSCG85-13-R-P45005 to complete dockside on the Walnut.

14. On or about December 19, 2013, and during the time work was contemplated on the Walnut Job, the United States Coast Guard published an RFQ, HSCG85-14-Q-P45019 under the IDIQ multiple award contract for Dockside Repairs to CGC Morgenthau at its home berth in Honolulu, Harbor ("Morgenthau Job")

15. Under the solicitation, work on the Morgenthau was a Total Small Business Aside, 15 USC 644.

16. As a Total Small Business Aside, under FAR 52.219-14, Limitation of Subcontracting, the work on the Morgenthau required completion of fifty percent (50%) of the cost of the contract performance incurred for personnel shall be by employees of the successful offer.

17. L & S's proposal stated it would comply with all requests of the solicitation and contract.

18. It was estimated that work for this solicitation would require 14,000 man hours of work.

19. PSI protested the award to L & S because L & S did not have a work force that would permit it to complete fifty percent (50%) or more of the work.

20. L & S gave independent assurances to the contracting officer that it would comply with the contract, notwithstanding L & S knew that a large portion of its workforce was previously committed for the Walnut Job.

21. L & S was awarded the contract Solicitation No. HSCG85-14-Q-P45019 to complete dockside on the Morgenthau.

22. Upon information and belief, the representations made by L & S concerning its compliance with FAR 52.219-14 were false.

23. Upon information and belief, L & S has subsequently made payment requests for work under the Walnut Job and the Morgenthau Job, falsely claiming that it has fulfilled its contract requirements.

CAUSE OF ACTION

24. The aforesaid false statements by L & S constitute false claims as defined in 31 U.S.C. § 3729a.

25. L & S has liability under 31 U.S.C. § 3729a in that it obtained the payment of a false or fraudulent claim.

26. The false claims of L & S resulted in damages to the United States government.

27. L & S is liable to the United States government for civil penalties and damages.

WHEREFORE, Relator on behalf of the United States prays judgment against L & S as follows:

A. Treble damages sustained by the United States in the sum of at least $3 million;

B. Civil money penalties as allowable by law in the amount of $1,000.00 to $2,000.00 per violation; and

C. Prejudgment interest and all other necessary and proper relief, including the costs of this action.

DATED: Honolulu, Hawaii, _____MAR 2 4 2014_____.

GEORGE W. BRANDT
JEFFREY A. GRISWOLD
Attorneys for Plaintiff
UNITED STATES OF AMERICA
ex rel Pacific Shipyards International, LLC